Per Curiam.
The papers in this case show that a summons accompanied by a complaint, in which was alleged a cause of action because of the publication of a libel in the newspaper called the New York World, which newspaper it was alleged was published and sold by the World Publishing Association, the defendant in said summons and complaint. The summons and complaint were duly served upon the cashier of the appellant, the Press Publishing Company, which in fact was the publisher of said newspaper.
*391 No answer or demurrer to said complaint having been served, a writ of inquiry was issued to assess the damages of the plaintiff, and a judgment was entered in favor of the plaintiff against the World Publishing Association. An execution was issued upon the judgment, and returned unsatisfied. The plaintiff’s attorney thereupon had communitions with the counsel for the supposed defendant and also with the counsel for the appellant. The counsel seem to have afforded to the plaintiff’s attorney as little information in regard to the true condition of affairs as possible, and do not seem to have informed him that the World Publishing Association were not the publishers of the newspaper called the World, but that the Press Publishing Company was such publisher. Subsequently, the attorney for the plaintiff, having learned that the Press Publishing Company was the publisher of said newspaper, issued an execution against the World Publishing Association otherwise the Press Publishing Company upon said judgment which execution was also returned unsatified.
The plaintiff herein, thereupon commenced in this court an action on said judgment against the Press Publishing Company under section 1734 of the Code for the sequestration of its property. Thereupon the Press Publishing Company moved in this action, to be allowed to come in and defend. This motion was granted, and the defendant served an answer denying that the World Publishing Association was engaged in the business of selling and publishing the New York World, and insisting that the action was improperly brought against the World Publishing Association or against the Press Publishing Company by the name of the World Publishing Association. Thereupon the plaintiff made his motion for leave to amend the summons and complaint by substituting the word 6 6 Press ” in place of the word “World” and the word “Company” in place of the word “Association,” which motion was granted upon payment to the defendant of the costs of the action to be taxed and with leave to the defendant to answer, or demur to the complaint and to make such motion in reference thereto as he might be advised.
It is apparent from the foregoing statement, that the officers of the Press Publishing Company must have known by the allegations of the complaint, and the nature of the action, that it was their corporation that was intended to be sued. The summons and complaint were served upon an officer of their corporation, who, it does not appear was an officer of the World Publishing Association, and they seem to have offered as little information in reference to the matter as it was possible for them to do. It therefore being clearly apparent as to whom it was intended to sue, service *392 being made upon an officer of that compay, the court clearly had jurisdiction to correct the misnomer of the defendant in the original summons and complaint; and that it was its duty to do under the circumstances, in view of the fact that by the failure to disclose the mistake which the plaintiff had made in the name of the defendant, the Statute of Limitations had been allowed to run against his cause of action.
The court imposed as rigorous terms in allowing this amendment as possibly could have been claimed, and perhaps would have remitted the plaintiff to the commencement of a new action had it not been that the Statute of Limitations had run.
If this mistake in regard to the naming of the World Publishing Association was so material and was such a variance that it could not possibly affect the Press Publishing Company the appellant, then there seems to have been no reason for them to have asked to intervene as defendants in this case, and put in the answer which they did.
Having intervened and made themselves defendants, if they were not so before, the court obtained jurisdiction and could make any amendment which might seem fit m the furtherance of justice.
The order should be affirmed, with costs.